NF

## United States District Court Northern District of Illinois

Lu Áku,                                    )

Plaintiff                                  )                    CIVIL ACTION

                                           )

                                           )

v.                                         )            NO. _____

                                           )

                                           )

Chicago Teachers Union,                    )            1:17-cv-01229
                                                        Judge Sara L. Ellis
Chicago Board of Education,                )            Magistrate Judge Young B. Kim

D'Andre Weaver,                            )

Illinois Department of Human Rights,       )

Illinois Educational Labor Relations Board, )

                                                        **RECEIVED**

Robin Potter,                              )            FEB 15 2017  EW

Robin Potter & Associates, et al           )            **THOMAS G. BRUTON
                                                        CLERK, U.S. DISTRICT COURT**

Defendants                                 )

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is <u>Lu Áku</u> of the county of Cook in the state of Illinois.

3. The defendants are <u>Chicago Teachers Union</u>, whose street address is 222 Merchandise Mart Plaza, Suite 400, Chicago, Cook, Illinois, 60654-1079, 312-329-9100; <u>Chicago Board of Education</u>, whose street address is 1 North Dearborn Street, Suite 950, Chicago, Cook, Illinois, 60602-0002, 773-553-1600; <u>D'Andre Weaver</u> at Spring Branch Independent School District whose street address is 955 Campbell Road, Houston, TX 77024, 713-464-1511; <u>Illinois Department of Human Rights</u>, whose street address is 100 West Randolph St, 10th Floor, Chicago, IL 60601, 312-814-6262; <u>Illinois Educational Labor Relations Board</u>, 160 North LaSalle Street, #N400, Chicago, Illinois 60601, 312-793-3170; <u>Robin Potter</u> at Robin Potter & Associates, whose street address is 111 East Upper Wacker Drive, #2600, Chicago, IL 60601,

312-861-1800; Robin Potter & Associates, whose street address is 111 East Upper Wacker Drive, #2600, Chicago, IL 60601, 312-861-1800; et al.

4. The plaintiff sought protection or was protected by the defendant at 250 East 111th Street, Chicago, Cook, Illinois, 60628-4324.

5. The plaintiff [darken one circle]

   a)   ● was denied protection by the defendant.
   b)   ○ was enlisted and is still protected by the defendant.
   c)   ○ was protected but is no longer protected by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about November 22, 2013.

7. (a) The defendant is not a federal government agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with:

   i.    The United States Equal Employment Opportunity Commission (hereafter "EEOC"), on or about November 9, 2016.
   ii.   The Illinois Department of Human Rights (hereafter "(IDHR"), on or about March 16, 2015.

(b) If charges were filed with an agency indicated above, a copy of the charge is attached.

   ● Yes.

   ○ No, but plaintiff will file a copy of the charge within 14 days.

8. The EEOC has issued a Notice of Right to Sue, which was received by the plaintiff on December 2, 2016, a copy of which notice is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*select (●) only those that apply*]:

● Age (Age Discrimination Act)

● Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981).

● Disability (Americans with Disabilities Act or Rehabilitation Act)

● National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981).

● Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981).

○ Religion (Title VII of the Civil Rights Act of 1964).

● Sex (Title VII of the Civil Rights Act of 1964).

10. If the defendant is a state, county, municipal, (city, town, or village) or other local government agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1981).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*select (●) all those that apply*]

   a) ● failed to protect the plaintiff.
   b) ● facilitated termination of the plaintiff's employment.
   c) ○ failed to reasonably accommodate the plaintiff's religion.
   d) ○ failed to reasonably accommodate the plaintiff's disabilities.
   e) ● failed to stop harassment & bullying.
   f) ● failed to intervene regarding harassment & bullying.
   g) ●failed to stop racial profiling.
   h) ●failed to intervene regarding racial profiling.
   i) ● retaliated against the plaintiff because the plaintiff did something to assert his rights protected by the laws identified in paragraphs 9 and 10 above.
   j) ● retaliated against the plaintiff per the preceding item (g) by aiding & abetting the Board.
   k) ●failed to stop the Board's retaliatory delays and denials of workers' compensation matters.
   l) ●failed to intervene regarding the Board's retaliatory delays and denials of workers' compensation matters.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

In violation of the Constitution of the United States, as amended, and Title VII of the Civil Rights Act of 1964, as amended, the Chicago Board of Education (hereafter "the Board") has maintained a discriminatory conspiracy that disintegrates national union; undermines justice and turns back progress; promotes domestic discord and general ill-being and suffering; and that also promotes duress, anxiety, death, subjection, and unhappiness. The plaintiff's complaints of discrimination are based on:

   a) his race, African American.
   b) his national origin, Hebraic African American in that he is of United States nationality by way of Africa by way of the Hebrew exodus.
   c) his color, dark complexion.

d) his <u>sex</u>, male.

e) the Chicago Teachers Union's <u>retaliation</u> for his activities protected under Title VII of the Civil Rights Act of 1964, as amended, and also protected under the Collective Bargaining Agreement (hereafter "the Agreement") between the Board and the Chicago Teachers Union (hereafter "the Union").

f) his <u>age</u>, 49 (dob: Oct 2, 1967).

g) his <u>disability</u>—impairments and complications brought on by a medial talar dome lesion, a type of ankle injury that was caused by workplace accident(s) at the Board—in violation of the Americans with Disabilities Act of 1990, as amended.

h) <u>aiding & abetting</u> the Board.

i) <u>aiding & abetting</u> the Union.

The Union's discrimination has included but is not necessarily limited to refusing to file grievances the plaintiff's behalf; delaying the filing of grievances on the plaintiff's behalf; aiding & abetting the Board's conspiracy to rid Gwendolyn Brooks College Preparatory Academy (hereafter "Brooks") of African American teachers; aiding & abetting the Board's not staffing Brooks with any African American Science, Technology, Engineering & Math ("STEM") employees at all; aiding & abetting the Board's ridding Brooks of all science and math teachers who are over the age of 40 except one Asian female while retaining all science and math teachers under the age of 40 and all three are white; aiding & abetting the Board's ridding Brooks of African American male teachers; aiding & abetting the Board's ridding Brooks of African American teachers in general; aiding & abetting the Board's ridding Brooks of all darker complexioned math and science teachers; aiding & abetting the Board's retaining teachers who have lighter complexion than the plaintiff; failing to address the Board's retaliatory acts of denying the plaintiff benefits under workers' compensation; failing to respond to the plaintiff's complaint of the Board making him a bogus job offer at a grammar school while he was on duty as substitute teacher; and failing to report the plaintiff's complaints of racial profiling.

The Union is to blame for the plaintiff's wrongful termination because it failed to represent him when he complained [to the Union] about racial profiling, harassment, or bullying while he was still at Brooks. When Sheila Jones—whom the Board displaced with the plaintiff and who is a female with a lighter complexion than him due to her having a white parent by birth—told the Union that the Board offered her a STEM position at Brooks without interviewing, the Union failed to ask the plaintiff if he had been offered a STEM position at Brooks without even interviewing. Upon the plaintiff being fired, the Union did not duly pursue corrective action to have him made whole and reinstated. The Board exacerbated the plaintiff's disability and then used it against him to further displace him and to even fire him again. The Board eliminated Brooks' overwhelming majority of math and science teachers over age 40, keeping the female Asian teacher who is over age 40. The Board eliminated all of Brooks' African-American math and science teachers, and all of them were all over age 40 at the time. The Union helped in all of this by not intervening with regard to illegal profiling, bullying, and harassment. At this point,

the Board's harassment and bullying has been so protracted and extensive that the plaintiff never wants to work for the Board again. Due to the Union's aiding & abetting, the plaintiff is a former employee of the Board.

On April 23, 2015, the Union's legal counsel, Robin Potter & Associates (hereafter "Potter Law"), contacted the plaintiff after he wrote Larry Yellen of FOX News regarding [Yellen's] story about Angela Mason-Johnson, the Board's whistle blowing director of staffing services who is now a former Board employee. Now Potter avoids the plaintiff.

At 6:00pm on February 10, 2017, the plaintiff's union field representative, Lois Jones, informed him via e-mail that she would be unavailable for his February 13, 2017 appeal hearing for grievance #16-09-021(ljj) and that Alicia Cervantes would be her stand-in. The plaintiff hadn't received the Board's hearing notice, so Jones' e-mail was how he learned about said hearing. Via e-mail on February 11, 2017, the plaintiff contacted Jones, Cervantes, and the Board's Mary Ernesti to get said hearing's address, suite number, and start time. At 8:10am on February 13, 2017, the plaintiff called the Union and obtained these specifics. Eighty minutes later, upon arriving at the Board for his 9:30am hearing, in the first floor lobby Cervantes told the plaintiff that Jones' advice was for him to represent himself in said hearing. In response, the plaintiff insisted that the Union represent him and said that Jones herself should be representing him. Fifteen minutes later, the Board informed Cervantes that its witness was running late. This gave the plaintiff the option to not wait for the Board, which he accepted. So, the appeal hearing for grievance #16-09-021(ljj) will be rescheduled. Ernesti's notice was delivered to the plaintiff after 2:00pm on February 13, 2017; and she has his e-mail address. She used it on January 24, 2017.

14. [**AGE DISCRIMINATION ONLY**] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ● YES     ○ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [select (●) all those that apply]

    a)  ○ Direct the defendant to hire the plaintiff.
    b)  ○ Direct the defendant to re-employ the plaintiff.
    c)  ○ Direct the defendant to promote the plaintiff.
    d)  ○ Direct the defendant to reasonably accommodate the plaintiff's religion.
    e)  ● Direct the defendant to reasonably accommodate the plaintiff's disabilities.
    f)  ● Execute an injunction that orders:
        i.   IDHR director Rocco Claps testify as to why the plaintiff's complainants form for aiding & abetting was rejected and why the promised documentation to complete a third complaint was never issued.
        ii.  IELRB to reopen investigations of the Board and the Union under the plaintiff's complaints.

iii. <u>The Union to entirely remove itself</u> as the plaintiff's representative in all matters whatsoever.

iv. <u>The Union to pay for legal representation of the plaintiff's choice</u> in all issues the plaintiff has brought to the Union, and the new representation shall be retained till all of the plaintiff's issues with the Board are fully resolved.

v. <u>The Union to refund the plaintiff</u> for all union dues he has ever paid.

vi. <u>The Board to duly and expeditiously pursue closure</u> of all grievances submitted on behalf of the plaintiff.

vii. <u>Managing partner Robin Potter of Potter Law, the Union's legal counsel, to fully answer</u> the plaintiff's 6 questions that she has evaded since August 2, 2016.

   1. Who is the "us" that Robin Potter said the plaintiff contacted?
   2. Who is [sic] Mason at our office?
   3. Why did it take till August 1, 2016 for Potter Law, the Union, and the grievants to meet?
   4. When did Potter Law start representing the Board's control group?
   5. When did Potter Law stop representing the Board's control group?
   1. On what date did Potter Law start representing the plaintiff?

viii. <u>Weaver, Brooks' previous principal, to testify</u> as to why he held an all African American staff meeting at which he ensured everyone that their jobs were not endangered yet he fired all of the African American math and science teachers, a white math teacher with an African American wife, and a white math teacher with African American in-laws while retaining an Asian science teacher, two white science teachers, and one white math teacher but neither retaining not hiring any African Americans for Brooks' Science, Technology, Engineering & Math ("STEM") department.

ix. <u>The defendants to submit to a Department of Justice investigation</u> for various federal violations such as racial profiling, healthcare fraud, corporate fraud, obstruction of justice, labor racketeering, organized crime, failure to keep from harm, civil applications (e.g., patterns or practices that violate civil/constitutional rights), international human rights violations, evasion, corruption, conspiracy, and accessory behavior.

Requested <u>health relief</u> includes but is not necessarily limited to medical examination using X-rays with air and/or dye; physical therapy; chiropractic therapy; massage therapy; functional capacity examination; pharmaceutical prescriptions; durable medical equipment prescriptions; and all healthcare benefits lost due to wrongful termination. Also mental health services related to: career disintegration; finances, professional conflicts; job loss; employer abuse of employee; union isolation and abandonment of member; anxiety, stress, anger, and depression related to employment and lack thereof; pain and suffering caused by harassment, bullying, and administrative abuse; attacks via blatant racism and ageism; profiling and harm based upon sex, color, disability, and national origin; and life crises. Health relief sought exceeds $200,000.

<u>Financial relief</u> sought includes but is not necessarily limited to reimbursement for an ISBE $500 late fee assessed during educator license renewal; both unpaid and underpaid TTD; reimbursements for all out-of pocket medical expenses that workers' compensation should have covered; payment of all lost salary and projected overtime; payment of all lost pension contributions; payment for all lost sick days; payment for all lost personal days; payment for all lost salary increases that factor in both step and lane changes; compensation for projected lost professional development; issuance of all lost non-health-related employment benefits; reimbursement for all paid fees, penalties & interest on all personal accounts; and payment of all outstanding fees, penalties & interest on all personal accounts as a result of above mentioned discrimination. Financial relief sought exceeds $350,000.

The requested order of injunction is relevant to the complaint and would prompt the heretofore negligent parties to properly perform their duties and fulfill their obligations to the plaintiff thereby relieving him.

g) ● Grant the plaintiff-career counseling, outplacement services, and professional recruitment till he is hired into full-time career employment or till 2023, whichever comes first.

h) ● Grant the plaintiff all of the employment benefits that he has lost till he is hired into full-time career employment or till 2023, whichever comes first.

i) ● Grant the plaintiff appropriate injunctive relief, lost wages, future wages, liquidated/double damages, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

j) ● Grant such other relief as the Court may find appropriate.

Respectfully Submitted,

Lu Áku

10314 South Emerald Avenue

Chicago, IL 60628-2320

(773) 445-1738

Date: February 14, 2017

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 440-2017-00646 |

Illinois Department Of Human Rights and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Lu Aku | (773) 445-1738 | 1967 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10314 S Emerald Ave, Chicago, IL 60628 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(include Area Code)* |
|---|---|---|
| CHICAGO TEACHERS UNION LOCAL 1 | 500 or More | (312) 329-9100 |

| Street Address | City, State and ZIP Code |
|---|---|
| 222 Merchandise Mart Plaza, Suite 400, Chicago, IL 60654 | |

RECEIVED EEOC

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | NOV 0 9 2016 |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

CHICAGO DISTRICT OFFICE

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |

☒ RACE   ☒ COLOR   ☒ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN

☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION

☒ OTHER *(Specify)* **Aiding/Abetting**

DATE(S) DISCRIMINATION TOOK PLACE: **10-04-2016**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was a union member of Respondent. During my employment, I was subjected to different terms and conditions of employment, including but not limited to, not receiving benefits. I complained to no avail. Subsequently, I was laid off and moved to a Substitute Teacher position. I was discharged. Respondent failed to represent my claims.

I believe that I have been discriminated against because of my race, African American, my national origin, Hebraic African American, my color, dark complexion, sex, male, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. Further, I believe that I have been discriminated against because of my age, 49 (dob: Oct 2, 1967), in violation of the Age Discrimination in Employment Act of 1967, as amended. Also, I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Nov 09, 2016          *Charging Party Signature* Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Lu Aku<br>10314 S Emerald Ave<br>Chicago, IL 60628 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2017-00646 | Robert Shelton,<br>Investigator | (312) 869-8078 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Julianne Bowman,
**District Director**

11/25/16
*(Date Mailed)*

Enclosures(s)

cc: Chief Executive Officer
CHICAGO TEACHERS UNION LOCAL 1
222 Merchandise Mart Plaza, Suite 400
Chicago, IL 60654