# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LU AKU, | ) |
|       Plaintiff, | ) ) |
| | )   No. 17 C 1229 |
|    v. | ) |
| | )   Judge Sara L. Ellis |
| CHICAGO TEACHERS UNION, CHICAGO BOARD OF EDUCATION, D'ANDRE WEAVER, ILLINOIS DEPARTMENT OF HUMAN RIGHTS, ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD, ROBIN POTTER, ROBIN POTTER & ASSOCIATES, | ) ) ) ) ) ) ) ) |
|       Defendants. | ) |

## OPINION AND ORDER

Plaintiff Lu Aku brings this Complaint against defendants the Chicago Teachers Union ("CTU"), the Board of Education of the City of Chicago[1] (the "Board"), D'Andre Weaver, the Illinois Department of Human Rights ("IDHR"), the Illinois Educational Labor Relations Board ("IELRB"), Robin Potter, and the law firm Robin Potter & Associates. Aku alleges that the Board discriminated against him on account of his race, national origin, color, sex, age, and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, 42 U.S.C. § 1981, and in civil conspiracy under 42 U.S.C. § 1985. Aku also alleges that CTU aided and abetted the Board in its violations of his rights and retaliated against him for engaging in protected activities. With respect to the remaining defendants, it is unclear from the Complaint exactly what Aku

---

[1] Aku incorrectly identifies the Board as the Chicago Board of Education in his complaint. The legal name of the Board is the Board of Education of the City of Chicago. *See* 105 Ill. Comp. Stat. 5/34-2.

alleges they did.  Construing the Complaint as liberally as possible, the Court also reads the Complaint as alleging conspiracy or aiding and abetting violations against IDHR, IELRB, Potter, and Robin Potter & Associates.  In three separate motions, Defendants all now move to dismiss [39, 48, 50] Aku's claims.  Because Aku did not have an employment relationship with IDHR and IELRB and there is no aiding and abetting liability for the employment discrimination statutes under which Aku sues, the Court dismisses the claims against IDHR and IELRB with prejudice.  Because the remaining claims in this case against the remaining defendants are materially identical to claims against those same defendants in another, previously filed case in this district, *Aku v. Chicago Board of Education,* 17 C 1226, Doc. 1., the Court dismisses those claims with prejudice.  Finally, Aku filed a motion [66] titled "Pleading of Special Matters That Include Defendants' Knowledge of and Intent and Attempt to Discriminate and Aid and Abet." The Court construes this as a motion for leave to amend his Complaint.  Because the proposed amendments do not cure the deficiencies in his Complaint and the Court dismisses the initial Complaint with prejudice, denies this motion, and terminates Aku's case.

## BACKGROUND[2]

Aku, who is an African American man born in 1967, was a Science, Technology, Engineering, and Math ("STEM") teacher at Gwendolyn Brooks College Preparatory Academy ("Brooks").  In 2014, he and all other STEM teachers at Brooks who are African American or over the age of 40 (with the exception of one) were fired.  After his termination, the Board

---

[2] The facts in the background section are taken from Aku's Complaint and are presumed true for the purpose of resolving Defendants' motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).  The facts of this case are not clear from the Complaint; however, the Court does its best based on the information it has to set out the allegations as it understands them.  Aku has also attempted to supplement the factual allegations of his complaint through his several Responses to the Defendants' motions to dismiss.  Although a plaintiff may not amend his complaint through a response to the motion to dismiss, the Court includes these allegations in the paragraphs below where it allows for greater clarity of the matter before the Court.

offered him a position as a teacher at a grammar school and as a substitute teacher. Aku, believing he had suffered unlawful employment discrimination, brought his concerns to his union, the CTU. The CTU refused to file a grievance on his behalf and delayed filing a grievance on his behalf.

On April 23, 2015, the CTU's legal counsel, Robin Potter, contacted Aku about a letter he wrote to Larry Yellen of Fox News regarding a story Yellen had done about Angela Mason-Johnson, the former director of staffing services of the Board, who Aku alleges was a whistle blower. The Complaint does not state what the content of Potter's communication was or the content of Aku's letter to Yellen.

On February 10, 2017, Aku received an email from his union field representative Lois Jones informing him that she was not available to represent him at his February 13th appeal hearing and that Alicia Cervantes would stand in for her.[3] Aku arrived at the location of the hearing and met Cervantes. Cervantes advised him to represent himself during the hearing. Aku insisted that the CTU represent him and that Jones herself be present to represent him. A few minutes later a representative for the Board informed Aku that its witness was running late and that he could wait or reschedule the hearing; Aku opted to reschedule the hearing.[4]

In additional to the above conduct, Aku alleges that at some point during his employment, he suffered an ankle injury. He alleges that this injury has in some way rendered him disabled and that that he suffered discrimination based on his disability. Aku does not describe the timing, cause, and severity of this injury in the Complaint nor the nature of the discrimination he experienced.

---

[3] The Complaint does not indicate to what previous hearing or decision this appeal hearing related.
[4] The Complaint does not state whether the rescheduled hearing ever occurred.

Finally, prior to filing this Complaint, Aku filed a complaint in *Aku v. Chicago Board of Education,* 17 C 1226, ("*Aku I*"), currently pending in this district before Judge Lee, against many of the same defendants alleging, with more specificity, nearly identical claims. Judge Lee has already ruled on the motions to dismiss filed in that case, granting the motions with respect to IDHR, CTU, Potter, and Potter & Associates. Judge Lee also granted in part Weaver's motion to dismiss, dismissing the official capacity claims against Weaver. Aku still has live claims in *Aku I* against the Board and Weaver in his personal capacity.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

**ANALYSIS**

I. Claims Against IDHR and IELRB

Aku does not allege any facts in his Complaint regarding Defendants IDHR and IELRB. References to IDHR and IELRB in the Complaint are limited to requests for relief. These requests are:

> "Execute an injunction that orders: i. <u>IDHR director Rocco Claps testify</u> as to why the plaintiff's complainants form for aiding & abetting was rejected and why the promised documentation to complete a third complaint was never issued. ii. <u>IELRB to reopen investigations</u> of the Board and the Union under plaintiff's complaints."

Doc. 9 ¶ 16(f)(i),(ii) (underlining in original). Having failed to allege at all any facts implicating IDHR or IELRB, Aku's claims against these Defendants fail before they get out of the gate. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much.").

Furthermore, even if the other allegations in Aku's Complaint could be interpreted as allegations against IDHR or IELRB, he cannot make a valid claim against IDHR or IELRB for employment discrimination under Title VII, the ADEA, or the ADA because neither of these Defendants was Aku's employer. Title VII, the ADEA, and the ADA forbid discrimination committed by an employer. *See* 42 U.S.C. § 12112(a); 29 U.S.C. § 630(b); 42 U.S.C. § 12111(2). Aku alleges that his employer was the Board. Doc. 9 ¶ 13 ("[T]he plaintiff is a former employee of the Board."). Therefore, Aku cannot state a claim against IDHR or IELRB under these employment discrimination statutes.

Aku also cannot succeed on a theory of aiding and abetting liability under Title VII, the ADEA, or the ADA. None of these statutes provides for such liability. *See, e.g., Kerr v. WGN Cont'l Broad. Co.*, 229 F. Supp. 2d 880, 887 (N.D. Ill. 2002) (finding aider and abettor liability

unavailable in Title VII actions). Further, Aku does not allege any facts showing anything approaching the aiding and abetting of employment discrimination. Therefore, he cannot state a claim for aiding and abetting under Title VII, the ADEA, or the ADA.

Finally, Aku appears to want to bring a claim for civil conspiracy under 42 U.S.C. § 1985. To state such a claim he must allege a conspiracy motivated by "some class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971). Aku has made no allegation of a class-based animus against IDHR or IELRB. Nor has Aku made any allegations about how the conspiracy transpired, including who the parties to the conspiracy are, what form the agreement of the conspiracy took, or the purpose of the conspiracy. Without such allegations, the claim fails as IDHR and IELRB are not reasonably on notice of the charges against them. *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007).

Aku makes no effort to respond to IDHR and IELRB's arguments in his response to the motion to dismiss nor does he correct any of the factual deficiencies of his Complaint. His response consists almost entirely of broad restatements of his claims without any legal or factual support. Therefore, he has waived any arguments he may have made to challenge the motion. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.").

Typically the Court grants leave to amend liberally, particularly in the case of pro se plaintiffs. However, the Court may divert from this general rule where amendment would be futile. *Hongbo Han v. United Cont'l Holdings, Inc.*, 762 F.3d 598, 603 (7th Cir. 2014). Aku has not taken the opportunity to argue his case on this motion to dismiss and he states in his Complaint that his relevant employment relationship was with the Board and not the IDHR or

IELRB. The Court finds that any attempt to amend the Complaint to fix the issues above with respect to IDHR and IELRB would be futile, and therefore the Court dismisses the Complaint against these two Defendants with prejudice.

II.     Claims Against CTU, Robin Potter, and Robin Potter & Associates

Aku brings claims against CTU, Potter, and Robin Potter & Associates alleging violations of Title VII, the ADA, the ADEA and civil conspiracy under 42 U.S.C. § 1985. These defendants move to dismiss the Complaint, arguing that it is untimely and fails to allege facts sufficient to state a claim. However, before reaching the merits of these arguments, the Court dismisses the Complaint as to CTU, Potter, and Robin Potter & Associates because it is duplicative of the previously filed complaint in *Aku I* in all material respects.

"As a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (*quoting Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N. D. Ill. 1983)). "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* (internal quotation marks omitted).

Here the two complaints involve the same parties and seek identical remedies against those parties. *Compare* Doc. 9 ¶ 16 (f)(iii), (iv), (v), and (vii), *with Aku I*, Doc. 1 ¶ 16 (f)(ix), (xvii). Further, the claims in the two complaints, to the extent they are clearly pleaded, are very similar and all relate to Aku's employment at Brooks and his subsequent grievances arising from that employment and his termination. Therefore, these complaints are duplicative as to

7

Defendants CTU, Potter, and Robin Potter & Associates, and the Court will only retain jurisdiction if there are special factors that counsel against dismissal. *Serlin,* 3 F.3d at 224. Here, there are no special considerations that advise such a finding. Although Judge Lee dismissed these Defendants from the other case, he granted their dismissal after Aku had a full opportunity to contest their motions to dismiss. Furthermore, nothing Aku pleads in this case but not in *Aku I* would have saved his claims in *Aku I* from dismissal. The Court, in dismissing this case, is not depriving Aku of any arguments he did not or could not raise in the other case. Therefore, the Court dismisses the claims against CTU, Potter, and Robin Potter & Associates with prejudice.

III.     Claims Against the Board and D'Andre Weaver

Aku brings claims against the Board and Weaver alleging violations of Title VII, the ADA, the ADEA, 42 U.S.C. §1981, and civil conspiracy under 42 U.S.C. § 1985. Weaver and the Board move to dismiss these claims arguing that Title VII, the ADA, and the ADEA, do not impose individual liability against Weaver; the claims against Weaver in his official capacity are duplicative of those against the Board; Aku has failed to timely exhaust his administrative remedies; there is no aiding and abetting liability under Title VII, the ADA, and the ADEA; Section 1981 claims are not viable against state actors; for failure to allege facts sufficient to state a claim; and because to the extent the Complaint states valid claims against the Board and Weaver they are duplicative of the claims raised in *Aku I*. Because this Complaint is duplicative of the one in *Aku I* in all material respects, the Court dismisses the Complaint as to Weaver and the Board.

Here the two complaints involve the same parties and seek almost identical remedies against those parties. The relief sought against the Board is identical, with one minor exception:

in this case Aku also asks that the Court order the Board to "duly and expeditiously pursue closure of all grievances submitted on behalf of the plaintiff." Doc. 9 ¶ 16(f)(vi). But this minor addendum is not sufficient to distinguish these two cases, especially when it is unclear to which grievances Aku is referring and when there is no reason this demand could not have been made in the other case. The allegations in the two complaints are also very similar, to the extent that the Complaint in this case clearly state any allegations directly against the Board and Weaver at all. Each of its allegations is styled as the CTU aiding and abetting the Board in carrying out its alleged discrimination, rather than direct statements about the Board and Weaver's conduct. These allegations are substantively identical to the allegations included in the complaint in *Aku I*, though they are stated in more detail and with more clarity in *Aku I*. Finally, there are no special considerations that counsel against dismissing this matter as duplicative. Aku's claims against these Defendants, with the exception the official capacity claims against Weaver, are still live in *Aku I*. Therefore, because these two cases involve the same parties, claims, and relief, the Court dismisses with prejudice the Complaint against the Board and Weaver as duplicative of the complaint in *Aku I*. *See Serlin*, 3 F.3d at 223 (7th Cir. 1993).

## CONCLUSION

For the foregoing reasons, the Court grants the Defendants' motions to dismiss [39,48, 50] the Complaint with prejudice. The Court denies Aku's motion to amend the Complaint [66]. The case is terminated.

Dated: December 12, 2017

SARA L. ELLIS
United States District Judge

9